# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN DOE G and JOHN DOE H, as individuals and on behalf of others similarly situated, | No. 75519-6-I |
| | DIVISION ONE |
| Respondents, | |
| v. | |
| DONNA ZINK, a married woman, | UNPUBLISHED OPINION |
| Appellant, | |
| DEPARTMENT OF CORRECTIONS, | |
| Defendant. | FILED: June 12, 2017 |

COURT OF APPEALS DIV 1 STATE OF WASHINGTON FILED 2017 JUN 12 AM 9: 49

SCHINDLER, J. — Donna Zink appeals the "Order on Requestor Donna Zink's Motion to Unseal Court Records and Identify All John Does in All Court Records." Because the Supreme Court in Doe v. Washington State Patrol, 185 Wn.2d 363, 374 P.3d 63 (2016), held that Zink is entitled to the records she requested under the Public Records Act, chapter 42.56 RCW, that contain the identity of the plaintiffs, the appeal is moot.

## FACTS

On January 24, 2014, Donna Zink submitted a request to the Washington State Department of Corrections (DOC) under the Public Records Act (PRA), chapter 42.56 RCW. Zink requested DOC provide " 'any and all sex offender registration forms of registered sex offenders prepared, owned, used, or retained' " for offenders whose

names begin with the letters C or D. DOC asked Zink to clarify the scope of her request. Zink submitted a revised request for the " 'notification form/letter that the department gives sex offenders releasing from prison to the community with a last name beginning with A, B, C or D.' " DOC agreed to release the records that identify 4,488 individuals. The records include the names, dates of birth, social security numbers, release addresses, employment addresses, and crimes for all level I sex offenders with a last name beginning with A, B, C, or D.

On July 30, 2014, two registered sex offenders with last names beginning with A or B filed a class action lawsuit against DOC and Zink. The plaintiffs requested a permanent injunction enjoining DOC from releasing level I sex offender information to Zink except when necessary to protect the public under RCW 4.24.550.[1] The plaintiffs also sought a declaratory judgment that level I sex offender registration records are exempt from disclosure under RCW 4.24.550. The court issued a temporary restraining order enjoining DOC from disclosing "any and all sex offender registration forms that constitute level I sex offender registration information."

On August 4, the plaintiffs filed a motion for permission to proceed using a pseudonym. The court issued an order granting the motion to use the pseudonyms John Doe G and John Doe H "subject to the caveat that Plaintiff will provide the names of the plaintiffs and all relevant information about them during the course of discovery pursuant to a protective order." After weighing the Ishikawa[2] factors, the court ruled that requiring the plaintiffs "to identify themselves as registered sex offenders in the caption

---

[1] RCW 4.24.550(1) states, in pertinent part:
[P]ublic agencies are authorized to release information to the public regarding sex offenders and kidnapping offenders when the agency determines that disclosure of the information is relevant and necessary to protect the public and counteract the danger created by the particular offender.

[2] Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982).

2

of the lawsuit would defeat the purpose of the lawsuit," there was "no other way to protect this legal process," and allowing the plaintiffs to proceed in pseudonym would cause Zink "little to no prejudice." The court concluded, "Should Plaintiffs lose this lawsuit, their names will be provided to Ms. Zink, and will be disseminated publicly after a full and fair hearing." In the same order, the court certified the class as:

> "All individuals certified as sex offenders at Risk Level I whose last names begin with A, B, C, or D, and are:
> 1) Either in compliance with the conditions of registry or are relieved of their duty to register, and
> 2) Are named in registration notifications in the possession of DOC."

On August 21, the court issued an order granting plaintiffs' motion for a preliminary injunction enjoining DOC from releasing "any records pursuant to Ms. Zink's request until further order" of the court.

On April 7, 2015, the plaintiffs filed a motion to stay the case until the Supreme Court issued a decision in Doe v. Washington State Patrol, 185 Wn.2d 363, 374 P.3d 63 (2016). Zink filed a motion to "unseal all previously sealed court records filed in this cause of action." The court denied Zink's motion to unseal court records. The court ruled that "none of the pleadings in this case have been sealed" and the motion was "untimely." The court granted the plaintiffs' motion to stay the case pending the decision in Doe.

In Doe, Zink requested records pertaining to level I registered sex offenders under the PRA from the Washington State Patrol (WSP) and the Washington Association of Sheriffs and Police Chiefs (WASPC). Doe, 185 Wn.2d at 368-69. Before releasing the records, WASPC notified affected level I sex offenders. Doe, 185 Wn.2d at 368. The offenders filed a lawsuit to enjoin production of the records. Doe, 185

Wn.2d at 368-69. The trial court granted plaintiffs' motion for permission to proceed in pseudonym. The trial court issued a declaratory ruling that " 'level I sex offender registration records are exempt from disclosure under [the PRA . . . ].' " Doe, 185 Wn.2d at 369.[3]

The Supreme Court reversed the trial court decision. Doe, 185 Wn.2d at 388. The court held the level I sex offender information was not exempt from disclosure under the PRA. Doe, 185 Wn.2d at 384-85. Because Zink was entitled to the records she requested under the PRA, the court concluded the question of whether the trial court abused its discretion by allowing the plaintiffs to proceed in pseudonym was moot. Doe, 185 Wn.2d at 385.

> Because we find that these records are available, it is unnecessary to consider whether the trial court abused its discretion by allowing the plaintiffs to proceed in pseudonym. The issue is moot; Zink will receive the records—and the names of the parties—and even if this court were to hold that proceeding in pseudonym was in error, we would be unable to offer any further relief, as it has already been granted.

Doe, 185 Wn.2d at 385.

After the decision in Doe, DOC filed a motion to lift the stay, dissolve the preliminary injunction, and dismiss the case. Neither Zink nor the plaintiffs opposed the motion. But Zink filed a "Motion to Unseal Court Records and Identify All John Does in All Court Records" under the PRA. Zink argued, "Based on the fact that the records sought are not exempt, Plaintiffs have no privacy rights to their identity in filing this action." The court entered an "Order on Requestor Donna Zink's Motion to Unseal Court Records and Identify All John Does in All Court Records." The court found, "None of the Court Records in this Matter have been sealed." The court granted the motion to

---

[3] Brackets in original.

lift the stay, dissolve the preliminary injunction, and dismiss the case.

## ANALYSIS

Representing herself pro se, Zink appeals the Order on Requestor Donna Zink's Motion to Unseal Court Records and Identify All John Does in All Court Records. Zink contends the court erred by finding that none of the court records have been sealed. John Doe G and John Doe H contend the appeal is moot under Doe because Zink is entitled to the public records that contain the identity of the plaintiffs.

Mootness is a jurisdictional concern that a party may raise at any time. State v. Deskins, 180 Wn.2d 68, 80, 322 P.3d 780 (2014). An issue is moot if it is not possible for this court to provide effective relief. Deskins, 180 Wn.2d at 80. When an appeal is moot, it should be dismissed. CR 12(h)(3); Deskins, 180 Wn.2d at 80.

Because the court dissolved the preliminary injunction enjoining DOC from releasing the records that Zink requested under the PRA that contain the identity of the plaintiffs, the appeal is moot.

We dismiss this appeal as moot.[4]

WE CONCUR:

---

[4] Because Zink is not the prevailing party on appeal, we do not award her fees or costs under RAP 14. Mitchell v. Wash. Inst. of Pub. Policy, 153 Wn. App. 803, 833, 225 P.3d 280 (2009).